IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| SCOTT AYOTTE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN ECONOMY<br>INSURANCE COMPANY,<br><br>　　　　Defendant. | CV-09-57-BU-RFC-CSO<br><br>ORDER<br>AND<br>FINDINGS AND<br>RECOMMENDATIONS<br>OF U.S. MAGISTRATE JUDGE |

Plaintiff Scott Ayotte ("Ayotte") filed this action against American Economy Insurance Company ("AEIC") for "Declaratory Relief and Bad Faith Damages." Pl.'s Compl. (Court Doc. 1). Currently pending before the Court are the following:

　　(1) Defendant's Motion for Summary Judgment (Court Doc. 3);

　　(2) Plaintiff's Rule 56(f) Affidavit Requesting Postponement of Briefing on Plaintiff's Claim for Declaratory Relief ("Plaintiff's Rule 56(f) Request") (Court Doc. 7);

　　(3) Plaintiff's Motion to Strike (Court Doc. 13); and

　　(4) Defendant's Motion for Leave to File Pertinent Factual Materials and Overlength Reply Brief (Court Doc. 16).

1

I.   BACKGROUND

On August 18, 2007, Ayotte was traveling west on Highway 287, through Nevada City, Montana.  Def.'s Statement of Uncontroverted Facts ("Def.'s Statement") (Court Doc. 5) at ¶ 3; Pl.'s Statement of Genuine Issues in Opposition to Defendant American Economy's Motion for Summary Judgment ("Pl.'s Statement") (Court Doc. 9) at 3.  As he drove past the River of Gold Museum and Gift Shop, a strong wind blew the museum's sign from its support posts.  A piece of plywood from the sign penetrated the windshield of Ayotte's vehicle and struck him in the face.  He suffered injuries including the loss of his right eye.  Id.

John and Carma Sinerius lease and operate the River of Gold Museum and Gift Shop ("River of Gold") located in Nevada City, Montana.  The Sineriuses maintained liability insurance coverage for the River of Gold business through AEIC.  The insureds listed on the policy are John and Carma Sinerius, d/b/a River of Gold Museum and Gift Shop.  Court Doc. 5 at ¶ 4.

In Count I of his Complaint, Ayotte "contends that his claims are covered under the American Economy policy, that liability is

reasonably clear, that he is entitled to policy limits, and at a minimum is due and owed Ridley payments for his ongoing expenses and lost wages.  Court Doc. 1 at 6.  As a third party claimant under the AEIC liability policy, he requests a declaration of his rights under the insurance policy and applicable law, including Ridley v. Guar. Natl. Ins. Co., 951 P.2d 987 (Mont. 1997), and Watters v. Guar. Natl. Ins. Co., 3 P.3d 626 (Mont. 2000).  Id. at 8.  In Count II, Ayotte alleges that AEIC's conduct "as described herein violates both Montana statute and Montana common law...."  Id. at 6.  In Count III, he seeks punitive damages pursuant to § 27-1-221, M.C.A.

## II.   PARTIES' ARGUMENTS

### A.   AEIC's Arguments

AEIC contends that Ayotte's claims for declaratory relief and bad faith insurance practices are precluded because the underlying liability action in state court remains unresolved.  Def.'s Br. In Support of Mot. for Summary Judgment ("Def.'s Br. in Support") (Court Doc. 4) at 2.  AEIC claims that it is entitled to summary judgment with respect to Ayotte's request for declaratory judgment because the liability of AEIC's insureds is not reasonably clear.  Court Doc. 4 at 4.  AEIC

argues that when genuine issues of material fact exist regarding negligence and liability, liability is not reasonably clear and an insurer has no obligation to advance payment of medical expenses under <u>Ridley v. Guar. Natl. Ins. Co.</u>, 951 P.2d 987 (Mont. 1997). Court Doc. 4 at 4-5. Thus, because the facts underlying Ayotte's request for declaratory judgment are still in dispute, AEIC argues it is entitled to summary judgment on Ayotte's claim for declaratory judgment. <u>Id</u>. at 9.

AEIC further argues that even if it is not entitled to summary judgment with respect to Ayotte's request for declaratory judgment, the Court should refrain from exercising jurisdiction because Ayotte does not present a justiciable controversy. AEIC asserts that a three-part test governs justiciability:

> First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interest. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion. Third, [it] must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of

all of them.

Id. at 6 (citing Northfield Ins. Co. v. Mont. Ass'n. of Counties, 10 P.3d 813, 815 (Mont. 2000)).  AEIC contends that because the issues Ayotte seeks to have resolved via declaratory judgment are dependent upon the issues awaiting adjudication in Ayotte's state court action, it is not now appropriate for this Court to entertain this action.  Id. at 8-9.

With respect to Ayotte's common law bad faith claim, AEIC argues that it is subject to summary judgment because it is premature under Montana law.  Id. at 9.  AEIC contends that a claim for bad faith insurance practices only accrues when the underlying dispute giving rise to the allegations of bad faith has been determined by judgment or settlement.  Id. at 9-10 (citing O'Connor v. Nat'l Union Fire Ins. Co., 87 P.3d 454, 457 (Mont. 2004)).  Because there has been no judgment or settlement of Ayotte's underlying tort action, AEIC argues that there is no actionable bad faith claim, and summary judgment should be entered.  Id. at 10.

B.   Ayotte's Arguments

Ayotte contends that his claims are not subject to summary judgment because he is entitled to advance payment for damages

5

incurred prior to final determination or settlement of the underlying action when, as here, liability is reasonably clear pursuant to Ridley. Pl.'s Response Br. to Defendant American Economy Insurance Company's Motion for Summary Judgment ("Pl.'s Response") (Court Doc. 8) at 2. Ayotte argues that AEIC has failed to establish that there exists no genuine issue of material fact surrounding whether liability for Ayotte's injuries is reasonably clear. Id. at 2. Ayotte contends that AEIC's insureds' liability is reasonably clear. Id. at 2. Ayotte argues that the fact that there is an underlying state court case where AEIC's insureds are defending and seeking contribution from other defendants is insufficient to establish that there is no genuine issue of material fact regarding liability. Id. at 11. Ayotte further argues that the information necessary to determine whether liability was reasonably clear to AEIC at the time it denied the his demand is not presently in the record. Id. at 13. Ayotte argues that the Court needs access to AEIC's claims file before it can make a determination regarding the propriety of AEIC's refusal to make advance Ridley payments. Id. at 13-16.

Ayotte also argues that where liability is reasonably clear, Ridley

has already settled that a justiciable controversy exists. Id. at 15. Thus, Ayotte argues that because liability is reasonably clear here, the controversy is justiciable. Id.

Ayotte further argues that his common law bad faith claim is not premature. Id. at 21-22. He claims that only statutory bad faith must await resolution of the underlying personal injury action and he has not stated a statutory bad faith claim. Id. Ayotte contends that AEIC has not only failed to establish the absence of genuine issues of material fact surrounding its handling of his claim, but also failed to allege that it handled his claim in good faith. Id. As a result, Ayotte argues that AEIC is not entitled to summary judgment on his common law bad faith claim.

III. SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Wilderness Development, LLC v. Hash, 606 F. Supp. 2d 1275, 1279 (D.

Mont. 2009) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact finder to return a verdict for the nonmoving party. <u>Id</u>.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Cattrett</u>, 477 U.S. 317, 323 (1986) (cited in <u>Wilderness Development</u>, 606 F. Supp. 2d at 1279). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. <u>Id</u>. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." <u>Id</u>.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to make this

showing "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." Wilderness Development, 606 F. Supp. 2d at 1279 (citing Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997) (abrogated on other grounds as noted in Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008)). While summary judgment is not perceived as a disfavored procedural shortcut, Celotex Corp., 477 U.S. at 323, it should never be used "as a substitute for trial on the facts and law" Cox v. English-American Underwriters, 245 F.2d 330, 333 (9th Cir. 1957).

IV. **DISCUSSION**

    A. **Summary Judgment**

        1. **Declaratory Judgment**

As noted above, Ayotte's complaint seeks a declaratory judgment regarding his rights under the insurance policy and is not limited to claiming a right to Ridley payments. In opposing AEIC's motion for summary judgment, however, Ayotte relies entirely on authorities

9

related to his Ridley claims; he does not argue that he now has a justiciable claim in this Court for payment from the Sineriuses' insurer, other than Ridley payments. See Court Doc. 8 at 7-21.

In Northfield Ins. Co. v. Montana Ass'n. of Counties, 10 P.3d 813 (Mont. 2000), the Montana Supreme Court considered claims for declaratory relief brought by secondary insurers who sought a ruling that they had no duty to indemnify their insured in connection with claims pending in federal court. The court there held that, where the underlying facts were disputed and the underlying litigation had not yet been finally adjudicated or settled, any relief granted would be mere speculation, and possibly a nullity. Id. at 817-18. Thus, the supreme court affirmed a ruling that the claim was not justiciable.

In Miller v. State Farm Mutual Auto. Ins. Co., 155 P.3d 1278, 1280-81 (Mont. 2007), the supreme court cited Northfield with approval and cautioned: "Seeking a declaratory judgment too early in the proceedings, when other remedies are still available, may amount to an advisory opinion."

Similar concerns attend claims for declaratory judgment in federal court. See Fed.R.Civ.P. 57; 28 U.S.C. § 2201. The advisory

committee note to Rule 57 states: "When declaratory relief will not be effective in settling the controversy, the court may decline to grant it." The Ninth Circuit, citing Brillhart v. Excess Ins. Co., 316 U.S. 491, 495-98 (1942), has made clear that jurisdiction under 28 U.S.C. § 2201(a) is discretionary, and the district courts should avoid duplicative litigation.  Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998).  In Dizol, the court noted that the court should consider, among other factors, whether the declaratory action will settle all aspects of the controversy, and whether the use of a declaratory action will result in entanglement between the federal and state court systems.  Id. at n. 5.  See also Great American Assur. Co. v. Bartell, 2008 WL 1927333 *3 (D.Ariz. 2008) (dismissing insurance coverage dispute where underlying liability action was pending in state court).  Based on these authorities, the Court concludes that this declaratory judgment action with respect to AEIC's duty to indemnify the Sineriuses' should be dismissed.

    The Court reaches a different conclusion with respect to the claim for Ridley payments, however.  "Pursuant to Ridley, insurers are obligated to pay an injured third party's medical expenses prior to final

settlement when liability for such expenses is reasonably clear." Shilhanek v. D-2 Trucking, Inc., 70 P.3d 721, 724 (Mont. 2003). Liability is reasonably clear, triggering an insurer's obligation to advance Ridley payments, when it is more likely than not that the insured was negligent. See Etter v. Safeco Ins. Co. of Ill., 192 F. Supp. 2d 1071, 1076 (D. Mont. 2002) (fact that insured violated motor vehicle statute indicated it was more likely than not that insured was negligent and triggered the insurer's duty to advance medical payments incurred as a result of the insured's negligence). This narrow issue is not before the state court in the underlying action and is not premature under Montana law.

Here, AEIC has failed to present summary-judgment-type evidence demonstrating that liability is not reasonably clear. AEIC argues that liability is not reasonably clear because, for example, its insureds were not responsible for maintaining the sign pursuant to their lease agreement with the state. Court Doc. 4 at 5. But AEIC fails to provide summary-judgment-type evidence to support its allegations. It only provides the following documents in support of its motion: the complaint and answer from the underlying state action; a

12

third party complaint against Williams Plumbing, Heating and Utilities, Inc., from the underlying state action; letters between counsel for the parties; and incomplete discovery responses.  See Court Doc. 4 at Exs. A & B; Def. American Economy Insurance Company's Reply Brief in Support of Def.'s Mot. for Summary Judgment ("Def.'s Reply") (Court Doc. 11) at Exs. A-E.[1]  These materials are not sufficient to support AEIC's arguments for summary judgment.

The record before the Court does not provide an adequate evidentiary basis for concluding that liability for Ayotte's injuries is not reasonably clear.  No discovery has been undertaken here; no affidavits are submitted by AEIC.  Consequently, AEIC has failed to demonstrate the absence of any genuine issues of material fact regarding whether liability for the Ayotte's injuries is reasonably clear.

---

[1] None of these documents is authenticated.  The Ninth Circuit has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.  See, e.g., Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002); Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).  Furthermore, the unauthenticated discovery responses AEIC attached to its reply brief are not signed by John or Carma Sinerius, the persons making them, as required by Mont.R.Civ.P. 33(a), but are signed only by their attorney.

2.  Bad Faith

Although, as set forth above, Ayotte's bad faith count alleges violation of "Montana statute", he acknowledges in his brief that a bad faith claim under the Unfair Trade Practices Act, MCA § 33-18-301 et seq., "has not yet accrued and is not asserted herein...." Court Doc. 8 at 24. Accordingly, the Court considers here whether summary judgment is appropriate on Ayotte's common law bad faith claim.

Although earlier cases held otherwise,[2] the Montana Supreme Court now recognizes a third-party action for common law bad faith insurance practices. Brewington v. Employers Fire Ins. Co., 992 P.2d 237, 248 (Mont. 1999) (recognizing rights of third-party claimants to bring common law bad faith action); see also Jacobson v. Allstate, 215 P.3d 649, 662-63 n.3 (Mont. 2009). The question AEIC raises here is

---

[2] See Fode v. Farmers Insurance Exchange, 719 P.2d 414, 415-16 (Mont. 1986) (citing Marzolf v. Hoover, 596 F.Supp. 596, 599 (D.Mont. 1984)). Marzolf held that "the only duty running from an insurer to a third-party claimant is that imposed upon the insurer by § 33-18-201." Fode, identifying the Marzolf holding as the general rule, held only that duties running from an insurer to a tort victim "have been recognized by the Legislature in enacting § 33-18-201, MCA. The Legislature has sufficiently articulated the obligations and this Court will not interfere."

14

whether this common law bad faith claim is premature because the underlying negligence action remains pending.

Although the Montana Supreme Court has not yet had occasion to shape the contours of a third-party common law bad faith claim, it has held that the claim accrues "'when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action.'"  See O'Connor v. Nat'l Union Fire Ins. Co. of Pittsburgh, 87 P.3d 454, 456 (citing § 27-2-102(1)(a), M.C.A.)

Consistent with the conclusions reached above, the Court finds that the claim of bad faith with respect to AEIC's handling of Ridley claims is not premature and is now justiciable.  AEIC provides no Montana authority holding that, in a third-party common law bad faith action outside of the worker's compensation arena, a claimant must await final resolution of the underlying claim before bringing a bad faith action.  O'Connor's requirement that the underlying claim be settled or adjudicated in part prior to the filing of a common law bad faith action has apparently been applied only in the context of worker's

compensation claims.[3] Ayotte's third-party bad faith claim with respect to the Ridley payments arose when AEIC refused his Ridley demands. Judgment or settlement of the underlying case has not been held to be a prerequisite in this context. Consequently, Ayotte's common law bad faith is not premature and AEIC is not entitled to summary judgment.[4]

   B.   Ayotte's Rule 56(f) Request

The Court has reviewed the parties' submissions on Ayotte's Rule 56(f) Request. In light of the Court's recommendations herein, the Court finds that his request for postponement is moot.

---

[3]In an unpublished decision considering a Montana case not involving worker's compensation, the Ninth Circuit held that a claimant need not await resolution of the underlying claim before bringing a common law bad faith claim. The court held that because the claimant knows he has a third-party claim when an insurer refuses to accept his demand, he need not wait for settlement or judgment of the underlying case. Burton v. State Farm Mut. Auto, Ins. Co., 105 Fed. Appx. 154, 157 (9th Cir. 2004).

[4]Because of the complex issues that may arise with respect to the handling of the bad faith action, given the pendency of the underlying case, it may be appropriate to stay proceedings on the bad faith claim.

C.  <u>Motion to Strike and Motion to File Overlength Brief and Factual Materials</u>

The Court has considered AEIC's Reply Brief and has reviewed the attached materials. Accordingly, the Court will deny Ayotte's Motion to Strike Defendant's Reply Brief and attached factual materials and grant the Defendant's Motion for Leave to File Pertinent Factual Materials and Over-Length Reply Brief . In the future, counsel should endeavor to comply with both the Federal Rules of Civil Procedure and the Local Rules when filing briefs and factual materials with the Court. Generally speaking, concise briefs are persuasive briefs.

V.  <u>CONCLUSION</u>

Based on the foregoing,

IT IS ORDERED that:

(1) Plaintiff's Rule 56(f) Request (Court Doc. 7) is MOOT.

(2) Plaintiff's Objection and Motion to Strike Defendant's Reply Brief and Supporting Evidence (Court Doc. 13) is DENIED.

(3) Defendant's Motion for Leave to File Pertinent Factual Materials and Overlength Reply Brief (Court Doc. 16) is

GRANTED.

IT IS RECOMMENDED that Defendant's Motion for Summary Judgment (Court Doc. 3) be DENIED, but that Plaintiff's claim for declaratory relief related to AEIC's conduct other than its failure to make <u>Ridley</u> payments be dismissed without prejudice.  If this recommendation is adopted, Defendant should be given 14 days to file a responsive pleading,  pursuant to Fed. R. Civ. P. 12(a)(4)(A).

NOW, THEREFORE, IT IS FURTHER ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of U.S. Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or objection is waived.

DATED this 8th day of January, 2010.

<u>/s/ Carolyn S. Ostby</u>
United States Magistrate Judge