IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
BILLINGS DIV.
2010 MAR 5 PM 12 14
PATRICK E. DUFFY, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| SCOTT AYOTE, | ) |
| | ) CV-09-57-BU-RFC-CSO |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER ADOPTING FINDINGS |
| AMERICAN ECONOMY INSURANCE, | ) AND RECOMMENDATIONS OF |
| COMPANY, | ) U.S. MAGISTRATE JUDGE |
| | ) |
| Defendant. | ) |
| | ) |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 21*) with respect to Defendant's Motion for Summary Judgment (*Doc. 3*). Magistrate Judge Ostby recommends that the motion be denied, except with respect to Ayotte's claims for declaratory relief related to AEIC's conduct other than its failure to make *Ridley* payments[1], which she recommends be dismissed without prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Here, AEIC filed timely objections (*Doc. 22*), to which Ayotte responded timely (*Doc. 24*). Since (1) neither

---

[1] *Ridley v. Guar. Natl. Ins. Co.*, 951 P.2d 987, 992 (Mont. 1997) (holding that when liability is reasonably clear, Montana's UTPA requires insurer to pay an injured third party's medical expenses before final settlement of the claim).

1

Rule 72 Fed.R.Civ.P. nor 28 U.S.C. § 636 authorize a reply in support of an objection to findings and recommendation and (2) by this stage of the proceeding the objecting party has had ample opportunity to make its case, this Court does not consider reply briefs in support of objections and has not considered AEIC's reply (*Doc. 30*). AEIC's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

AEIC's first objection is that in the context of a *Ridley* advance pay claim, the insurer's burden is different than in the ordinary summary judgment case and that Judge Ostby mistakenly interpreted the burden attributed to AEIC. Specifically, AEIC argues that Judge Ostby erroneously required AEIC to present summary-judgment-type evidence demonstrating that liability was reasonably clear, when a prior Order of this Court requires only that "[t]o demonstrate their entitlement to summary judgment, [an insurer does] not need to establish the absence of disputed facts; [it needs] to demonstrate that the facts are sufficiently disputed to preclude a finding, as a matter of law, that liability was reasonably clear," citing Magistrate Judge Anderson's Findings and Recommendations in *Pruitt v. St. Paul Fire and Marine Ins. Co. & Contl. Cas. Co.*, CV-04-90-BU-RWA, at 3, subsequently adopted in full by this Court.

Regardless, *Pruitt* requires that AEIC prove the facts are sufficiently disputed to preclude a finding that liability was reasonably clear, and on summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. In light of this axiomatic principle of law, Judge Ostby concluded that AEIC's meager submissions–the complaint and answer in the underlying complaint, a third-party complaint, letters between counsel, and incomplete discovery responses–were insufficient to prove that liability for Ayotte's injuries is not reasonably clear. This case is in the very early stages, no answer has been filed and discovery has not yet commenced. This fact distinguishes this case from *Pruitt* and *Giamba,* which were both decided on cross-motions for summary judgment. AEIC has jumped the gun. If an insurer could prove that liability was reasonably clear with the simple fact of a pending lawsuit, *Ridley* would be largely meaningless.

AEIC next objects that Judge Ostby erred in holding that Ayotte's declaratory judgment request for advance payment of medical expenses under *Ridley* presented a justiciable controversy. AEIC, however, does develop this argument. In any event, the nature of *Ridley* payments is that they must be paid before a final determination of the underlying action. AEIC refused to make those payments and Ayotte filed this lawsuit.

Finally, AEIC objects to Magistrate Judge Ostby's conclusion that Ayotte's

3

common law bad faith claim has accrued, is not premature, and is now justiciable. In support of this argument, AEIC relies on policy arguments and comparisons to statutory bad faith claims. These arguments, however, do not change the fact that AEIC has presented no Montana authority holding that a claimant in a third-party common law bad faith action, outside the worker's compensation arena, must await final resolution of the underlying claim before bringing the action. Magistrate Judge Ostby's conclusion that the bad faith claim is justiciable is not erroneous.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS FURTHER ORDERED** that AEIC's Motion for Summary Judgment (*Doc. 3*) is **DENIED** except that Ayotte's claim for declaratory relief related to AEIC's conduct other than its failure to make *Ridley* payments is **DISMISSED WITHOUT PREJUDICE**.

AEIC shall answer the Complaint within 14 days of the entry of this Order.

DATED this 5th day of March 2010.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE