IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SCOTT AYOTTE, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN ECONOMY INSURANCE COMPANY, <br><br> Defendants. | CV 09-57-BLG-RFC <br><br><br> ORDER |

**INTRODUCTION**

This matter comes before the Court upon Plaintiff Scott Ayotte's ("Plaintiff") Motion to Vacate Order concerning the Court's ruling that he was not entitled to *Ridley* payments.[1] *Doc. 96*. The underlying litigation in this case involved a 2007 accident in which a windstorm caused an advertising sign to

---

[1] The term "*Ridley* payments" refers to *Ridley v. Guaranty National Insurance Co., 951 P.2d 987 (Mont. 1997),* in which the Montana Supreme Court ruled that, prior to settlement or judgment of a tort claim, an insurer has an obligation to pay medical expenses incurred by an injured third-party tort victim when the liability of its insured is reasonably clear.

-1-

injure Plaintiff. Plaintiff filed the present action seeking a declaratory judgment and bad faith damages against Defendant American Economy Insurance Company ("AEIC"). The issues were eventually winnowed down to whether AEIC had a duty to make *Ridley* payments to Plaintiff and a bad faith claim that might arise for failure to tender such payments.

On December 10, 2010, this Court adopted the September 23, 2010 findings and recommendations of U.S. Magistrate Judge Ostby, which determined that the AEIC owed no duty to provide Plaintiff with *Ridley* payments because the insured's underlying liability to the Plaintiff was not reasonably clear as a matter of law. *Doc. 88*. This conclusion necessarily extinguished Plaintiff's common law bad faith claim. *Id.* at 3.

Plaintiff timely appealed this Court's order to the Ninth Circuit Court of Appeals. In the meantime, Plaintiff settled with the insured, moved to dismiss the appeal as moot and requested that the Ninth Circuit vacate this Court's summary judgment order. The Ninth Circuit dismissed the appeal as moot but declined to vacate and instead remanded the matter to this Court to consider whether vacatur was appropriate.

Six months later, and absent a ruling from this Court, Plaintiff filed a bad faith claim in state court against AEIC which was ultimately remanded to federal

court before Judge Molloy. See *Ayotte v. AEIC*, CV-12-61-M-DWM. That case was stayed pending this Court's decision on vacatur.

### DISCUSSION

In the Ninth Circuit, "[m]ootness by happenstance provides sufficient reason to vacate." *NASD Dispute Resolution, Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir.2007) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall Pshp.*, 513 U.S. 18, 25 n. 3 (1994)). "[I]f the party who lost below did not cause the case to become moot, that is, if happenstance or the actions of the prevailing party ended the controversy, vacatur remains the standard form of relief." *Native Ecosystems Council v. Weldon*, 2012 WL 5986475 (D.Mont.,2012) (*Weldon*) (quoting *N. Cal. Power Agency v. Nuclear Regulatory Commn.*, 393 F.3d 223, 225 (D.C.Cir.2004). Furthermore, the United States Supreme Court determined that vacatur is an "extraordinary remedy" which should be buttressed with "equitable entitlement." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26, (1994).

Plaintiff argues that the Ninth Circuit rendering the appeal before it moot mandates vacatur of this Court's Order denying Plaintiff's Motion for Summary Judgment seeking a declaration that he is entitled to *Ridley* payments. The Court finds Plaintiff's position unavailing. After a review of the salient facts, this Court

is disinclined to vacate its order. Plaintiff presents no persuasive argument as to why vacatur is necessary under the circumstances or compelled by equity.

Plaintiff's argument that he is left with an unreviewable finding that liability was not reasonably clear–is not persuasive. The facts and circumstances which prompted this Court's conclusion remain the same. This case was not rendered moot through happenstance. As noted by Judge Molloy in *Weldon*, "[t]he typical scenario where a losing party causes the case to become moot occurs when a losing party settles the case while it is on appeal." *Weldon* at *2 (citation omitted). The cases cited by Plaintiff are distinguished because all contain an instance of "happenstance" rendering the appeal moot. Indeed, it logically follows that in instances where an appellate court is poised to rule, and happenstance extinguishes the controversy, vacatur might well be necessary. In the present case, however, there is no need to clear the path for future litigation. This matter has been litigated. The mootness of Plainitff's appeal is a direct consequence of his willingly settling with the insured and moving to dismiss the appeal. Thus, vacatur is inappropriate.

///

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Vacate Order ( *Doc. 96)* is **DENIED.** The clerk of Court shall notify the parties of the making of this Order.

DATED this 21st day of December, 2012.

/s/ Richard F. Cebull
Richard F. Cebull
United States District Judge