IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|                                    |                    |
|------------------------------------|--------------------|
| SCOTT AYOTTE,                      | CV 09–57–BU–DWM    |
|           Plaintiff, |                    |
|                                    | ORDER              |
|   vs.                    |                    |
|                                    |                    |
| AMERICAN ECONOMY INSURANCE COMPANY, |                   |
|                                    |                    |
|           Defendant. |       |

This matter comes before the Court on remand from an appeal of this Court's order denying Plaintiff Scott Ayotte's ("Plaintiff") motion to vacate an order granting summary judgment. On December 10, 2010, Judge Cebull adopted the September 23, 2010 findings and recommendations of United States Magistrate Judge Ostby, which determined that Defendant American Economy Insurance Company ("American Economy") owed no duty to provide Plaintiff with *Ridley*[1] payments because the insured's underlying liability to Plaintiff was

---

[1] *Ridley v. Guaranty Natl. Ins. Co.*, 951 P.2d 987 (Mont. 1997) (holding that prior to settlement or judgment of a tort claim, an insurer has an obligation to pay medical expenses incurred by an injured third-party tort victim when the liability of its insured is reasonably clear).

1

not reasonably clear as a matter of law. (Doc. 88.) Plaintiff timely appealed that order to the Ninth Circuit. While the appeal was pending, Plaintiff settled with the insured, moved to dismiss the appeal as moot, and requested that the Ninth Circuit vacate the district court's summary judgment order. The Ninth Circuit dismissed the appeal as moot but declined to vacate the order and instead remanded to the district court to consider whether vacatur was appropriate.

On remand, this Court denied Plaintiff's motion to vacate, determining the case was not rendered moot by "happenstance." (Doc. 100.) Plaintiff appealed that determination and the Ninth Circuit once again remanded the vacatur question, this time on the ground that the district court applied the incorrect standard, requiring it apply the standard set forth in *American Games v. Trade Products, Inc.*, 142 F.3d 1164 (9th Cir. 1998) to determine if vacatur is appropriate. (Doc. 103.) After the Ninth Circuit mandate was filed, Plaintiff once again moved to vacate the summary judgment order. (Doc. 105.) This Court heard argument on Plaintiff's motion on October 1, 2014. Having considered the *American Games* standard, vacatur is not appropriate.

## ANALYSIS

*American Games* sets out various matters that the Court should consider in determining whether vacatur is appropriate, including "the consequences and

2

attendant hardships of dismissal or refusal to dismiss," the "competing values of finality of judgment and right to relitigation of unreviewed disputes," the "motives of the party whose voluntary action mooted the case," and the public policy against allowing a losing party to "buy an eraser for the public record." 142 F.3d at 1168, 1170; *see also Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982) (outlining the "equitable balancing test"). "[T]he touchstone of vacatur is equity." *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995).

**A.     Consequences and Attendant Hardships**

First, this Court must consider "the consequences and attendant hardships of dismissal or refusal to dismiss." *American Games*, 142 F.3d at 1168. The parties agree that Judge Cebull's order was not subjected to appellate review and that such review is now not possible. As made clear during the hearing on this matter, Plaintiff's collateral action for statutory bad faith is going to proceed whether or not vacatur is granted here. According to Plaintiff, the claims alleged in *Ayotte v. American Economy Insurance Co.*, CV 12-61-M-DWM, are in no way dependent on the claims adjudicated in the December 2010 summary judgment order. By his own account, it would seem the consequence to Plaintiff of vacatur or non-vacatur is negligible. To the contrary, vacating the December 2010 order has the potential

3

to reopen issues the have been previously decided in American Economy's favor, possibly requiring American Economy to relitigate a matter that has been briefed multiple times. The resulting hardship to both American Economy and the judicial economy of this Court weighs against vacatur.

**B.  Competing Values**

Second, this Court must consider the "competing values of finality of judgment and right to relitigation of unreviewed disputes." *American Games*, 142 F.3d at 1168. In the absence of vacatur, the December 2010 order's ruling that the insured's liability to Plaintiff was not reasonably clear as a matter of law and that Plaintiff's common law bad faith claims necessarily fail remains unreviewable. However, when the question of whether all Plaintiff's claims were mooted by the settlement was raised at the Ninth Circuit, Plaintiff insisted that they were. It was American Economy that argued that Plaintiff's bad faith claims should be reviewed. In arguing that all of his claims were moot, Plaintiff sent a message that the matter in its entirety was done and settled. Plaintiff's voluntary argument against review in the first instance persuades this Court to value finality of judgment over the right to relitigation.

**C.  Motives**

Third, this Court must consider the "motives of the party whose voluntary

action mooted the case." *American Games*, 142 F.3d at 1168. "[I]f the district court determines that the appellant did not intend to avoid appellate review and to have the district court's order vacated, that factor may weigh equitably in favor of vacating the order." *Id*. (citing *Dilley*, 64 F.3d at 1372 n. 6). American Economy insists that even if the facts surrounding the settlement itself are not cause for concern, Plaintiff has taken actions to avoid the preclusive effect of Judge Cebull's order on the Plaintiff's collateral lawsuit against American Economy. (Doc. 109 at 23.) The Court has a similar concern. Had Plaintiff argued that the settlement did not moot all of his claims and requested that the Ninth Circuit address those remaining claims and the Ninth Circuit chose not to do so, it would be hard to argue that Plaintiff had insincere motives. Instead, Plaintiff insisted the all his claims were moot while at the same time asking the Ninth Circuit to vacate the December 2010 order. Although it does not appear that the prospect of vacating the order was the primary motive for the settlement, it "presented a possible bonus" of having the December 2010 order vacated in light of Plaintiff's pending collateral suit. *American Games*, 142 F.3d at 1170. A bonus Plaintiff acted to take advantage of when he chose not to pursue appellate review.

**D.     Public Policy**

Finally, this Court must consider the public policy against allowing a losing

party to "buy an eraser for the public record." *American Games*, 142 F.3d at 1170. In *American Games*, the intervenor-appellants "caution[ed] that vacatur may be used by litigants to manipulate the common law to suit themselves. They describe[d] the paradigm of such abuse as insurers who 'buy and bury' decisions unfavorably interpreting standard form policy language widely used by the industry." *Id*. Although the fact scenario contemplated in *American Games* is that of an insurance company with an eye on future litigation, the purpose behind this public policy concern is applicable here. Public policy cautions against allowing a losing party to use a motion to vacate to potentially benefit itself in a future case. If the December 2010 order is vacated it could "bury" a ruling that may adversely affect Plaintiff in the collateral proceeding currently before this Court. Such a result is discouraged by public policy and weighs against granting vacatur.

## CONCLUSION

Finding the *American Games* "equitable balancing test" weighs against vacatur, IT IS ORDERED that Plaintiff's motion (Doc. 105) is DENIED.

Dated this 2nd day of October, 2014.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT